13 N.J. Super. 59 (1951)
80 A.2d 234
ROSALIE T. DALE, PLAINTIFF-APPELLANT,
v.
JOHN E. DALE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided April 18, 1951.
*60 Before Judges EASTWOOD, BIGELOW and FREUND.
*61 Mr. Vincent P. Torppey argued the cause for the plaintiff-appellant.
Mr. Richard J. Fitzmaurice argued the cause for the defendant-respondent.
The opinion of the court was delivered by EASTWOOD, J.A.D.
In a decree nisi dated December 9, 1946, the plaintiff-appellant, Rosalie T. Dale, was granted a divorce from the defendant-respondent, John E. Dale, on the ground of extreme cruelty. By the decree, Mrs. Dale was awarded alimony of $500 per month. In the latter part of 1948 the defendant applied for a reduction thereof. After extensive hearings, the application was denied and defendant continued the monthly payments of $500. During March, 1950, the defendant filed a petition, again seeking a modification of the alimony order, whereupon the plaintiff applied for an increase thereof. Leslie H. Cohen, Esquire, appointed as master to take the testimony, reported to the advisory master that he found that the defendant's income had been reduced and recommended a reduction in the monthly alimony payments from $500 to $420. This report, following the hearing of exceptions thereto, was approved and adopted by the advisory master. The reduced amount was incorporated in an order dated November 9, 1950, from which order plaintiff appeals.
The plaintiff contends that (1) the advisory master erred in finding the defendant had suffered such a change of circumstances as to warrant a reduction in the alimony payments, and (2) that the master also erred in finding that the plaintiff was not entitled to increased payments.
R.S. 2:50-37 provides that an order for the payment of alimony or support "may be revised and altered by the court from time to time as circumstances may require." Our courts have held that where a husband seeks relief under this provision he has the burden of establishing, by satisfactory proof, the "changed circumstances which would justify the *62 reduction sought." Ramhorst v. Ramhorst, 138 N.J. Eq. 523, 525 (E. & A. 1946); Boorstein v. Boorstein, 142 N.J. Eq. 135, 136 (E. & A. 1948); Storch v. Storch, 7 N.J. Super. 97 (App. Div. 1950). The plaintiff contends that the proofs establish such a change in her financial status, justifying the allowance of an additional amount of alimony, whereas the defendant argues that the facts before the advisory master clearly prove his reduced income and support the modification ordered.
It will be readily seen that the issue is solely factual. Plaintiff urges this court to exercise its authority under Rules 1:2-20 and 4:2-6, and make new findings of fact. "The Rules remind us that `due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' Beyond that, every intendment is in favor of the judgment under review, and we should not disturb the court's finding of fact unless we are well satisfied that the finding is a mistaken one. McGowan v. Peter Doelger Brewing Co., 10 N.J. Super. 276 (App. Div. Nov. 1950)." Capone v. Norton, 11 N.J. Super. 189 (App. Div. 1951), at p. 193. We have reviewed the record and conclude that there is no necessity to exercise our authority under Rules 1:2-20 and 4:2-6. There was conflicting testimony with respect to the issues. In marital cases, great weight is given to the findings of the master and credibility is a question preeminently for his determination, and we are, therefore, reluctant to disturb the findings of fact by the trial court. Grossman v. Grossman, 142 N.J. Eq. 714 (E. & A. 1948); Capozzoli v. Capozzoli, 1 N.J. 540 (1949). The opportunity is always available to the parties to apply for and obtain a modification of the alimony order, if and when they are able to establish such a change in their financial status as may warrant that action. Meanwhile, we find nothing in the record that justifies disturbing or setting aside the order under review.
The judgment is affirmed, without costs.