356 S.E.2d 496

**Roger W. GOFF**

v.

**Cheryl A. GOFF.**

No. 17141.

Supreme Court of Appeals of West Virginia.

April 15, 1987.

Charles A. Riffee, II, Thomas & Riffee, St. Albans, for appellant.

James A. Matish, Clarksburg, for appellee.

McGRAW, Chief Justice:

This is an appeal from an order by the Circuit Court of Harrison County entered on September 30, 1985 modifying the child support and alimony obligations of the appellee, Roger Goff. The appellant, Cheryl Goff, makes four assignments of error. Since we agree that the circuit court erred in allowing the appellee various credits against his accrued support arrearages, in terminating the monthly alimony payments, and in not allowing interest on the arrearages, we reverse the decision of the circuit court and remand the case for further proceedings consistent with this opinion.

The appellee filed a complaint for divorce in October 1980. The parties have since been before the circuit court on numerous occasions. The appellant was granted temporary relief on December 15, 1980, including custody of the couple's two children, possession of the marital home, and maintenance and support payments in the amount of $850 monthly. However, the court entered a modified agreed order on January 29, 1981, granting the appellee custody of the children and use and possession of the marital home. The appellant was granted support in the amount of $400 a month. The parties entered into a property settlement agreement in April 1981 in which the parties agreed to sell the marital home and equally divide the proceeds. This property agreement was incorporated into the divorce decree entered on December 8, 1981. That decree restated the terms of the previous order and also required the appellee to maintain in effect medical or hospital insurance for the appellant. On April 20, 1982 the parties once again sought and obtained an order from the circuit court modifying the child custody and support provisions of the divorce decree. The appellant was granted custody of the children and the appellee was ordered to pay $100 each per month for their support. The parties' last appearance in circuit court came in August 1985, when they each sought relief from that court.

It is appropriate to summarize the evidence before the circuit court. From the

time of the December 1980 order granting the appellant temporary relief through December 1981, when the divorce decree was entered, the appellee made all of the required maintenance and support payments. Soon afterwards, however, he decided to quit his job, which required extensive travel, and take another job in the Charleston area. He then, for all intents and purposes, ceased making either alimony or child support payments.

There was detailed testimony given regarding the appellee's gross and net income for the past several years, which need not be recounted here. It is sufficient to say that the evidence is consistent with the assertion in the appellee's petition for modification that he earned approximately $1700 per month net at the time of the divorce and was earning approximately $1500 net monthly at the time of the modification hearing. From the appellant's pay stubs submitted into evidence, it is apparent that her monthly net income from her part-time job as a beautician is approximately $240. The appellant has from time to time qualified for and received welfare payments and food stamps.

When the appellee left Harrison County to begin his new job, the marital home was rented to a third party for a period of one year. When the house became vacant, the appellee agreed that the appellant and the children should move back in. The appellant paid no rent and the appellee continued to make the mortgage payments, as required by the property agreement. Also as provided for in that agreement, the house was placed on the market and remained so during this entire period, although it did not sell.

It is apparently undisputed that, as of the date of the hearing, the appellee should have paid $22,900 in alimony and child support installments, but had actually paid only $5,155.98.[1] The circuit court allowed in testimony from the appellee in which he contended that he and the appellant had reached an oral agreement when he

changed jobs that he would not make the monthly alimony payments, but would settle up his obligation to her from his share of the equity when the house was sold. The appellee did not advance any explanation for not staying current on the child support obligation other than his reduced income and increased expenses. On February 20, 1985, the appellant filed a suggestee execution pursuant to West Virginia Code §§ 38–5A–1 to –13 (1985 Replacement Vol.) and began receiving payments from the appellee's employer through a wage attachment (see note 1, *supra*). On April 12, 1985, the appellee filed his petition for modification which is involved in this appeal.

I.

The circuit court granted the appellee $10,450 in credits toward his accrued child support and alimony obligations other than the $5,155.98 actually paid. While we question the reasoning behind the trial court's determination of these credits, we must reverse on more basic grounds.

"[M]atured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support, stand as 'decretal judgments' against the party charged with the payments." *Sauls v. Howell*, 172 W.Va. 528, 530, 309 S.E.2d 26, 28 (1983); *accord Hopkins v. Yarbrough*, 168 W.Va. 480, 284 S.E.2d 907 (1981); Syl. Pt. 1, *Korczyk v. Solonka*, 130 W.Va. 211, 42 S.E.2d 814 (1947); Syl. Pt. 1, *Holcomb v. Holcomb*, 122 W.Va. 293, 8 S.E.2d 889 (1940); *Harman v. Harman*, 120 W.Va. 199, 196 S.E. 361 (1938); *see also* W.Va.Code § 48–2–16(a) (1986 Replacement Vol.). The general rule is that, upon a showing of substantially changed circumstances, it is within the sound discretion of the trial court to award or modify the amount of child support or alimony payments. *Luff v. Luff*, 174 W.Va. 734, 329 S.E.2d 100 (1985); *Zirkle v. Zirkle*, 172 W.Va. 211, 304 S.E.2d 664 (1983); *Shannon v. Shannon*, 165 W.Va. 662, 270

---

1. The appellee paid $3130 directly to the appellant, $50 to the West Virginia Department of Human Services, and $1975.98 in the form of wage attachments from a suggestee execution filed by the appellant.

S.E.2d 785 (1980).[2] Nevertheless, the authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments. *Zirkle*, 172 W.Va. 211, 304 S.E.2d 664; *Hopkins*, 168 W.Va. 480, 284 S.E.2d 907; *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980); *Rakes v. Ferguson*, 147 W.Va. 660, 130 S.E.2d 102 (1963); *Holcomb*, 122 W.Va. 293, 8 S.E.2d 889; *Harman*, 120 W.Va. 199, 196 S.E. 361; *Biggs v. Biggs*, 117 W.Va. 471, 185 S.E. 857 (1936).

■ In the instant case, it is undisputed that $22,900 in alimony and child support installments had accrued, and only $5,155.98 had been paid toward that obligation. Since there was no showing of fraud by the appellant in obtaining the alimony and child support awards, the circuit court was without jurisdiction to enter an order modifying the appellee's obligation to pay the $17,744.02 still owed on accrued installments.

## II.

The appellant contends that the circuit court erred in concluding that there had been a material change in the parties' circumstances and in ordering the suspension of all future alimony payments to the appellant. We agree.

■ We must first admonish the circuit court to comply with the requirement to specially and separately state its findings of fact and conclusions of law on the record. *Jones v. Jones*, 176 W.Va. 438, 345 S.E.2d 313 (1986); *Kemp v. Kemp*, 175 W.Va. 135, 331 S.E.2d 867 (1985). The mere conclusion by the court below that there existed a material change in the parties' circumstances, without specific factual findings, deprives this Court of the benefit of the trial court's reasoning in deciding to cancel the alimony award.

■ We have throughly reviewed the record and find it sufficient to rule that the circuit court abused its discretion in relieving the appellee of any future obligation to pay alimony. *See Prete v. Merchants Property Insurance Co.*, 159 W.Va. 508, 223 S.E.2d 441 (1976). In so ruling, we are mindful of the fact that the party petitioning for a modification of the support provisions of a divorce decree bears the burden of showing a substantial change of circumstances. *Luff*, 174 W.Va. 734, 329 S.E.2d 100, *accord Vines v. Vines*, 409 So.2d 839 (Ala.Civ.App.1981); *Early v. Early*, 659 S.W.2d 321 (Mo.Ct.App.1983); *Dale v. Dale*, 13 N.J.Super. 59, 80 A.2d 234 (1951); *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa.Super. 428, 323 A.2d 766 (1974).

■ We are not convinced that the relative economic conditions of the parties have changed in so substantial a fashion to justify a modification of the appellee's support requirements. While it is true that the appellee's net monthly income at the time of the modification hearing was some twelve percent less than at the time of the divorce, it is also true that one of the children had reached the age of majority, reducing the appellee's support obligation by almost seventeen percent. Additionally, the appellee admitted that, after an initial fall when he changed jobs, his income is again steadily increasing.

■ The appellee also argues that both his living expenses and his former wife's income had increased since the divorce. This argument is unpersuasive because both his increased expenses from maintaining a separate residence and the appellant's return to work on a part-time basis were contemplated by the parties and the circuit court at the time the alimony and child support payments were agreed to by the parties and adopted by the court.

---

**2.** We note that only a court may modify a decree ordering the payment of support. *Zirkle*, 172 W.Va. at 216, 304 S.E.2d at 669. Therefore, appellee's contention that he and the appellant had reached an oral agreement modifying the terms of payment is irrelevant, even if his testimony to that effect could properly be considered. *See Bailey v. Bailey*, 127 W.Va. 826, 35 S.E.2d 81 (1945).

In order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree. *Matter of Marriage of Harden*, 67 Or.App. 687, 679 P.2d 348 (1984); *see Luff*, 174 W.Va. 734, 329 S.E.2d 100. Where the persons depending on support payments could not maintain a satisfactory standard of living on the support payments alone, it will be presumed that the trial court anticipated that the party receiving support would also seek gainful employment. *Matter of Marriage of Pratt*, 29 Or.App. 115, 562 P.2d 984 (1977).

■ The appellee failed to carry his burden of proving that there had been a substantial, unexpected change in the relative circumstances of the parties. In light of this failure, it was an abuse of discretion for the circuit court to order the suspension of alimony payments to the appellant.

### III.

■ The appellant also assigns error in the circuit court's refusal to award statutory interest on the past due alimony and child support installments. As we noted in Part I of this opinion, matured alimony and child support installments are decretal judgments against the obligor. Under the West Virginia statute, every judgment for the payment of money bears interest from the date of ascertainment at the rate of ten percent per annum. W.Va.Code § 56–6–31 (Supp.1986). In the case of alimony or child support installments, the judgments mature on the dates the payments are due, and no ancillary proceedings are necessary to reduce the amount of those judgments to a sum certain. *Sauls v. Howell*, 172 W.Va. at 531–32, 309 S.E.2d at 29–30; *Korczyk*, 130 W.Va. at 216, 42 S.E.2d at 818. Matured alimony and child support installments are judgments for money which accrue statutory interest from the date the payments are due. Statutory interest is mandatory, and the circuit court was in error and exceeded its legitimate powers in refusing to award the appellant

interest on the past due installments. *Carper v. Kanawha Banking and Trust Co.*, 157 W.Va. 477, 207 S.E.2d 897 (1974); *Rakes*, 147 W.Va. 660, 130 S.E.2d 102.

### IV.

The appellant also contends that the circuit court erred when it failed to award her a money judgment for medical expenses which she contends were incurred because the appellee did not maintain medical insurance as decreed, when it refused to find the appellee in contempt for failing to make alimony and child support payments, and for not awarding attorney fees and costs to the appellant. We do not find reversible error in the circuit court's decisions on these matters.

■ The circuit court heard and apparently believed the appellee's testimony that he repeatedly attempted to obtain medical or health insurance coverage for the appellant as provided for in the divorce decree. The appellant does not contend that such coverage was available, but seeks to have the appellee reimburse her for certain medical costs she incurred. The property agreement which was adopted by the divorce decree specifically says that the appellee will have no responsibility for medical costs not covered by insurance. The appellee sought and could not get medical insurance coverage for the appellant. This Court will not order him to do the impossible. *Cf. Winn v. Winn*, 218 Va. 8, 235 S.E.2d 307 (1977).

■ The trial court found the actions of the appellee in failing to make the required payments insufficient to support a charge of contempt of court. Once again, the trial court was in the position to hear and evaluate the credibility of the appellee's explanation regarding this failure. Since the appellee's intent and beliefs are at issue here, we will not second-guess the trial court in this matter.

■ Although we may have reached a different result, it is firmly established that the awarding of attorney's fees in divorce-related proceedings is a matter within the sound discretion of the trial court and will

not be disturbed on appeal absent a clear showing of abuse of discretion. *Mitchell v. Mitchell*, 176 W.Va. 36, 341 S.E.2d 411 (1986); *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982); *Cummings v. Cummings*, 170 W.Va. 712, 296 S.E.2d 542 (1982); *Sandusky v. Sandusky*, 166 W.Va. 383, 271 S.E.2d 434 (1981).

For the reasons stated in Parts I through III of this opinion, the decision of the Circuit Court of Harrison County is reversed and the case is remanded to that court for proceedings not inconsistent with this opinion.

Reversed and Remanded.