395 S.E.2d 544

**Judy Diann Peck HUDSON**

v.

**Dallas Gene PECK.**

**No. 19136.**

Supreme Court of Appeals of
West Virginia.

July 20, 1990.

Nelson R. Bickley, Bickley, Jacobs & Barkus, Charleston, for Dallas Peck.

Christopher G. Moffatt, Child Advocate Bureau, Charleston, for Judy Diann Peck Hudson.

PER CURIAM:

This case is before the Court upon the appeal of Dallas Gene Peck from an August 26, 1988 final order of the Circuit Court of Kanawha County which sustained a family law master's recommendation that the appellant was $15,908.50 in arrears in back child support payments. The appellant argues the following assignments of error: 1) the court erred in not remanding the law master's recommendation for failing to make findings of fact and conclusions of law as required by W.Va.Code § 48A-4-4 (1986)[1], and in simply filling in the blanks of a form without citing the reasons therefor as required by said statute; 2) the court erred in sustaining the law master's recommendation wherein the law master failed to find based on the evidence that appellee secreted the children and herself from the appellant for five years thus rendering payment during said period impossible; and 3) the court erred in sustaining the law master's recommendation that the appellant pay past due child support when the appellee's conduct in hiding the children for five years and thus preventing appellant from paying was of such an outrageous nature that the doctrine of acquiescence and/or laches should be applied to relieve the appellant from that requirement, and the failure of the law master to so hold is an error of law. We find no error was committed by the lower court and therefore affirm the lower court's decision.

The facts in this case reveal that on September 20, 1979, a final divorce decree was entered which, in part, required the appellant to pay $25.00 a week per child (2) as child support. The record indicates that from September 1979 to August 1980, the appellant paid the full amount of his child support to the appellee. Then, in September 1980, when the appellant began making his support payments through the Department of Human Services (hereinafter referred to as DHS), the payments fell significantly below the amount ordered. These reduced payments continued until June 1981, when all child support payments ceased. No payments were made again until November 1983, when the appellant made five sporadic payments of $20.00 a

---

1. West Virginia Code § 48A-4-4 (1986) was recently amended; however, the amendments do not affect the outcome of this case. *See* W.Va. Code § 48A-4-4 (1990).

month over an eight month period.[2] The evidence next reveals that the appellant made a payment in January 1985 and no further payment was made by the appellant until September 1986. From September 1986 until January 1987 the appellant made monthly child support payments of $125.00. Finally, from February 1987 until December 1987 the appellant made only a $40.00 support payment in the month of March.

It was also established that sometime during 1981, the appellee left West Virginia and moved to Mississippi. While the appellee's testimony revealed that she did not attempt to inform the appellant of the move, it also reflects that she did not secrete the children from the appellant. For instance, in 1984, the appellee mailed a letter dated August 6, 1984, through her mother to the appellant's wife informing her that the appellant was three years behind in child support and was expected to pay. Moreover, the appellee testified that she returned to West Virginia every summer for vacation and that while in the state, she would inform the appellant's brother and his wife and ask them to tell the appellant so that he could visit the children. The evidence reflected that the appellant only exercised this opportunity to see his children once during these summer visits and that occurred in 1985. It is important to note that the appellant, according to the evidence introduced before the family law master, at no time attempted to legally enforce the visitation provisions of the divorce decree. Nor did he attempt to have the child support modified. The appellee moved back to this state in 1986. Subsequently, a hearing was held on February 11, 1988, before a family law master and it is ultimately from the findings and recommendations of this hearing that the appellant now appeals.

■ The appellant's first assignment of error involves the findings and recommendations made by the family law master on February 11, 1988, in the Order for Income Withholding. Specifically, the appellant now contends on appeal that W.Va.Code § 48A–4–4(d) (1986) required that the recommended decision contain "(1) a statement of findings and conclusions, and the reasons or basis therefore, on all the material issues of fact, law, or discretion presented on the record; and (2) the proposed order embodying the appropriate sanction, relief, or denial thereof," and that the family law master's decision at issue was void of either of these requirements.

After a review of the record in this case, we find no merit to the appellant's argument. The exceptions to the recommended decision filed by the appellant pursuant to W.Va.Code § 48A–4–8(a) (1986)[3] included only that "[t]he finding of facts and conclusion of law in the Law Master's recommendation were not in accord with the facts and legal issues presented at the hearing and the brief that was submitted for consideration. In fact, the Family Law Master's recommendation was a fill in the blanks form submitted by the Child Advocate's Office." As is evident from this exception, the appellant never alleged before the circuit court that the findings and conclusions were void from the decision, but that they were not in accord with the facts presented. Since W.Va.Code § 48A–4–8(a) states that those portions of the recommended decision not excepted to are deemed to be correct, then the appel-

---

2. Specifically, the appellant paid $20.00 for the months of November and December in 1983 and February, March and May in 1984.

3. West Virginia Code § 48A–4–8(a) provided in pertinent part that:
   (a) A list of exceptions in the form of questions presented for review, expressed in the terms and circumstances of the case, designating and pointing out the errors complained of with reasonable certainty, so as to direct the attention of the circuit court specifically to them, but without unnecessary detail.... Only the questions set forth in the petition or fairly included therein will be considered by the court. Parts of the master's report not excepted to are admitted to be correct, not only as regards the principles, but as to the evidence, upon which they are founded.
   This particular code provision was recently amended; however, the amendments do not affect the outcome in this case. See W.Va.Code § 48A–4–8 (1990).

lant admitted that the requirements of W.Va.Code § 48A–4–4(d) were satisfied.

■ The appellant's second assignment concerns the fact that the family law master failed to find that the appellee secreted the children and herself from the appellant for five years thus rendering payment during said period impossible. The lower court found the appellant's argument to be without merit and we agree because of the following. First, the facts revealed that the appellant did make payments to DHS during the time when the appellee was not in the state and could have continued to make his payments to DHS. Second, the evidence indicated that the appellee was in the state during the summers and therefore, the appellant could have made payments to her during this time period, but failed to do so. Consequently, it is obvious that had the appellant so desired, payments could have been made during the time period in question as it was not impossible to do so.

Finally, the appellant contends that the lower court incorrectly affirmed the family law master's conclusion that the appellant pay past due child support when the appellee's conduct in hiding the children for five years prevented the appellant from paying and this conduct was of such an outrageous nature that the doctrine of acquiescence and/or laches should be applied to relieve the appellant from payment.

■ We have previously in Syl. Pt. 1, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987) that "[m]atured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support stand as 'decretal judgments' against the party charged with the payments." Moreover, "[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and,

absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." *Id.* at Syl. Pt. 2. Finally, in *Korczyk v. Solonka*, 130 W.Va. 211, 218, 42 S.E.2d 814, 819 (1947) we held that "[e]nforcement of such decretal judgment can be barred by the statute of limitations, but its enforcement may not be barred by laches."

■ Therefore, even though the appellee waited some five years to enforce an existing order, this was still within the ten year statute of limitations as found in W.Va. Code § 38–3–18 (1931) and the lower court was without power to modify those support payments which had already accrued. Additionally, the fact that the appellant did not see his children during this time period does not relieve him of his obligation to pay an existing decretal judgment[4], especially since we have noted in *Kimble v. Kimble*, 176 W.Va. 45, 49–50, 341 S.E.2d 420, 424–25 (1986) that child support is a right which belongs to the child and the child's right is not waived where the mother acquiesces to the father's nonpayment of child support. Thus, we find no error was committed by the lower court.

Based upon the foregoing opinion, the decision of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

---

**4.** We have never addressed the issue of whether the doctrine of laches and/or acquiescence should relieve a person from child support payments where a parent truly does secrete a child away from the parent making support payments and that parent not only legally attempts to have visitation enforced but also moves the court to modify the support obligation during the period in which the child is hidden. We leave this question unresolved, since in this case we find that the children were not secreted away from the appellant, that the appellant did not legally attempt to have his visitation rights enforced and that the appellant did not move the lower court to modify his support payments during the period when his children were absent from the state.