503 S.E.2d 269

**STATE of West Virginia, ex rel. WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, CHILD SUPPORT ENFORCEMENT DIVISION and Brenda L. Greenlief (now Liller), Appellants,**

v.

**David K. GREENLIEF, Appellee.**

No. 24449.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1998.

Decided June 12, 1998.

---

---

Richard W. Cardot, Cardot Law Offices, Elkins, for Appellant Liller.

Ilene Schnall, Bureau for Child Support Enforcement, Charleston, for Appellant DHHR.

David Wilmoth, Elkins, for Appellee.

PER CURIAM: [1]

The appellant, Brenda Liller (previously Greenlief), appeals [2] a December 9, 1996 or-

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. While the Department of Health and Human Resources is listed as an appellant in the caption of this case, DHHR filed its brief in support of

der of the Circuit Court of Tucker County that denied the appellant's claim for 11 months of child support arrearage which allegedly accrued in 1983 and 1984, and which was not included in a decretal order entered by the court for arrearages in 1987. We affirm the lower court's decision.

## I.

The parties in this matter were divorced on November 3, 1983 in Tucker County, and a final order was entered on November 30, 1983. The order provided for the custody of the parties' children, the division of the marital assets, and alimony. The appellant was granted custody of the children, and the appellee was ordered to pay $400.00 per month in child support.[3] The appellee was also ordered to pay $400.00 per month in rehabilitative alimony for four years.[4]

A subsequent order was entered on March 15, 1984, denying both parties' motions to reconsider the 1983 final order; however, the order did provide a clarification relating to the college fund monies.

On February 4, 1987, the appellant contacted the Child Advocate Office[5] ("CAO") and informed that agency that the appellee was in arrears with his child support and past alimony obligations. The appellant signed an affidavit for the CAO stating, "[t]hat from 10/84 through 1/31/87, $10,979.52 [the appellant] is owed as accumulated child support, and $2,400 is owed as accumulated spousal support."

The CAO instituted wage withholding proceedings to attach appellee's income. This matter came before a family law master because the appellee protested the attachment. The law master entered an order on March 31, 1987, awarding the appellant a decretal judgment for $13,979.52.[6] The judgment order was not appealed.

In 1995, the appellant filed a motion in the Circuit Court of Tucker County to hold the appellee in contempt of previous orders for support and alimony. Additionally, the appellant requested that the circuit court "amend" the March 1987 order, on the grounds that the arrearage amount of $13,-979.52 failed to include 11 months of child support payments the appellee failed to make between November of 1983 and October of 1984.[7]

By order dated December 9, 1996, the trial court held that:

> . . . the judgement entered by the court on the 31st day of March, 1987, was not appealed by any party and is therefore a final order. Any claim for child support arrearages which accrued prior to this judgement which were not incorporated in the judgement should be barred.

The effect of the court's order was that the appellant's claim for additional child support arrearage was barred by the applicable statute of limitations, and that the appellant could not seek 11 months of child support claimed for parts of 1983 and 1984.[8] It is

the appellee ex-husband and has asked this Court to dismiss the appeal.

3. The appellant was to be paid $200.00 per month per child for child support.

4. In addition to the child support and alimony the appellant was also awarded $6,749.94 for her inchoate dower in certain property, $400.00 per month per child if they resided with her while attending college, and $10,000.00 in attorney's fees.

The appellant was remarried 17 months after the divorce decree was entered.

5. In 1986 the Child Advocate Office was established under *W.Va.Code*, 48A–2–2 [1986] and was later changed to the Child Support Enforcement Division under *W.Va.Code*, 48A–2–2 [1995].

6. This amount represented all of the money owed to March 1987, with the exception of the 11–month period that is the cause of this appeal.

7. We do not address at this time the statutory duty owed to the appellant or her children by the CAO, or whether the CAO failed in its duty. Furthermore, since our law is well settled that a parent cannot waive child support ordered for the benefit of a child, we do not address whether a child has a cause of action against a parent for child support arrearages.

8. In the order of December 9, 1996 and its addendum, the court also ordered the appellee to pay $4,000.00 as part of the college fund monies. Additionally, the court stated that judgment had been entered against the appellee for the sum of $13,979.52 and ordered 10% interest on any outstanding amount from that judgment. The ap-

this portion of the order that the appellant appeals.

## II.

■ The standard of review for this case is a three-pronged analysis set forth in Syllabus Point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995):

In reviewing challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

■ The appellant failed to appeal the 1987 order which did not include the 1983 and 1984 alleged arrearages. The appellant's 1995 motion to the circuit court to "amend" the 1987 order cites no statutory authority for the court to alter the 1987 decretal judgment, offering as an explanation in her supporting memorandum only that the CAO was responsible for pursuing the 1987 motion, that the CAO failed to present evidence on the 1983 and 1984 arrearages, and that neither the trial court nor the appellant are permitted to waive or cancel back child support.[9]

Ordinarily a party should timely appeal an order which adversely affects the party, or, if appropriate, the party may elect to seek relief from an order pursuant to the *West Virginia Rules of Civil Procedure* Rule 60.[10]

*W.Va.Code*, 58–5–4 [1990], and the *Rules of Appellate Procedure*, Rule 3 provide for 4 months to appeal an adverse ruling on any judgment, decree or order.[11] *W.Va.R.C.P.*, Rule 60 allows a moving party to seek relief from a judgment order. If the motion is based on mistake or inadvertence, the motion must be filed within 8 months after the order is entered.[12]

Appellant argues that because the 11 months of child support were not included in the 1987 order, these monies are still due and owing under the 1983 original support order. Appellant further argues that the circuit court is without authority to cancel the amount still owed to the appellant.

■ We agree with the appellant that an obligation for child support by the appellee cannot be canceled because, "[a] circuit court lacks the power to alter or cancel accrued installments for child support." Syllabus Point 2, *Kimble v. Kimble*, 176 W.Va. 45, 341 S.E.2d 420 (1986). However, while the 11 months of child support owed cannot be canceled, the appellant's ability to obtain a judgment for that amount is time-limited.

■ In Syllabus Point 1 of *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987), we stated that "matured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support, stand as 'decretal judgements' against the

pellant does not challenge these sections of the order.

9. In appellant's brief before this Court, she argued that it was the responsibility of the CAO to appeal the 1987 order. *See* Footnote 7, *supra*.

10. The pertinent part of *West Virginia Rules of Civil Procedure* Rule 60(b) is:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken.

11. The same provisions permit an extension of 2 months by the trial court if good cause is shown. No request was made by the appellant for an extension, and no appeal was pursued.

12. *See* Footnote 10, *supra*.

party charged with the payments." These decretal judgments are subject to a statute of limitations; "[t]he ten-year statute of limitations set forth in *W.Va.Code*, 38–3–18 [1923], and not the doctrine of laches applies when enforcing a decretal judgement which orders the payment of monthly sums for alimony or child support." *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (1993).

### III.

The appellant failed to timely appeal or pursue *W.Va.R.C.P.*, Rule 60(b) relief from the March 1987 order. Also, the appellant was in 1995 barred by the statute of limitations from asserting any claim she may have for child support arrearages in 1983 and 1984.

The final order of the Circuit Court of Tucker County is affirmed.

Affirmed.