503 S.E.2d 534

**Charles E. KINSER, Plaintiff Below, Appellee,**

v.

**Maudie KINSER, Defendant Below, Appellant.**

No. 24896.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided June 12, 1998.

Lena S. Hill, Pineville, for Appellant.

Belinda S. Morton, Fayetteville, for Appellee.

PER CURIAM:[1]

This appeal was brought by Maudie Kinser, appellant/defendant below, (hereinafter

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188

Ms. Kinser) from an order entered by the Circuit Court of Wyoming County addressing alimony arrearages. The circuit court's order found that Charles E. Kinser, appellee/plaintiff below, (hereinafter Mr. Kinser) owed to Ms. Kinser $7,031.32 in alimony arrearages. Ms. Kinser contends on appeal that the correct amount of arrearage as found by the family law master was $60,-320.85. Ms. Kinser further contends that the circuit court abused its discretion in rejecting the family law master's recommendation. We disagree. We affirm the Circuit Court.

## I.

## FACTUAL BACKGROUND

■ The parties were divorced by the circuit court on November 19, 1982. At the time of the divorce the parties had two children under the age of 18.[2] The pertinent language in the decree stated:

That the plaintiff be ordered to pay to the defendant the sum of $870.83 as alimony, support and maintenance for the defendant and the two infant children of the parties hereto. *This payment represents the exact amount that the plaintiff receives each month from the Workmen's Compensation Fund and he is ordered to turn over that check to the defendant as soon as he receives it each month. This payment will be made by plaintiff until May of 1983, at which time plaintiff and defendant will seek to reach an agreement about the amount of alimony and child support to be paid after the Workmen's Compensation entitlement has run out.* If the parties cannot agree on the amount to

be paid, then this Court will determine the amount.[3]

(Emphasis added).

The record is incomplete as to what, if anything occurred from May of 1983 until 1988. Mr. Kinser's brief contends that an informal agreement was reached with Ms. Kinser, wherein he agreed to pay $100.00 a month in alimony and child support. Mr. Kinser argues that such payments were made intermittently during this time period. Ms. Kinser denies that any agreement was made between her and Mr. Kinser.

In 1987, Ms. Kinser filed a petition seeking alimony. The petition made no reference to any alimony arrearage owed to Ms. Kinser by Mr. Kinser. Additionally, the petition gave no indication that Mr. Kinser was in arrears of his alimony payments based upon the divorce decree. Moreover, the petition sought no contempt sanctions against Mr. Kinser for his failure to pay alimony or child support under the decree or under any subsequent order or agreement of the parties.[4] By order dated January 7, 1988, the circuit court awarded alimony to Ms. Kinser. The order stated: "That the Defendant, Maudie Ethel Kinser, be awarded alimony to be paid by the Plaintiff, Charles E. Kinser in the sum of $150.00 per month until further Order of the Court, with the first payment becoming due on February 1, 1988." [5]

In June, 1988 Ms. Kinser filed a petition requesting that Mr. Kinser be held in contempt for failing to pay alimony as required by the January 7, 1988 order. Ms. Kinser's petition also sought an increase in the amount of her monthly alimony award. By order entered September 2, 1988 Mr. Kinser was found in contempt. The order stated:

W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

**2.** One child was seventeen and the other fifteen at the time of the divorce.

**3.** We expressly disapprove of that part of the order which suggested that the parties could settle alimony and child support outside the purview of the court. The parties may negotiate the issues outside the court, but any agreement must be ratified by a court and memorialized in a court order. See Syl. pt. 2, *Kimble v. Kimble,*

176 W.Va. 45, 341 S.E.2d 420 (1986) ("A decretal child support obligation may not be modified, suspended, or terminated by an agreement between the parties to the divorce decree").

**4.** At the time of the petition all of the children born to the parties were emancipated by age. The youngest child was emancipated in October of 1984.

**5.** The order also required Mr. Kinser to pay attorney fees that were ordered in the original divorce decree but which remained unpaid.

Plaintiff Charles E. Kinser is hereby found in contempt for his wilful failure to pay spousal support as required by the January 7, 1988, Order of this Court. Defendant Maudie Kinser is hereby awarded a Decretal Judgment for $750.00 arrearages for the five months (April–August 1988) obligor failed to pay support herein. Defendant is granted an increase of spousal support to $200.00 per month and, beginning not later than September 15, 1988, and continuing not later the 15th day of each calendar month thereafter until further Order of this Court, Plaintiff Charles E. Kinser shall pay $200.00 per month spousal support for defendant Maudie Kinser.

The next activity in the case appears to be a petition which was filed by Mr. Kinser in January of 1997. Mr. Kinser's petition requested the termination of his obligation to pay alimony and to have the Child Support Enforcement Division release a workers' compensation check (or checks) payable to him in the amount of $81,637.67.[6] Ms. Kinser's brief indicates that the Child Advocate's Office filed a petition in February of 1997 seeking arrearages for both child support and alimony.[7] Based upon a recommendation of the family law master, the circuit court entered an order on March 6, 1997 finding Mr. Kinser owed to Ms. Kinser a total of $60,320.85 in alimony arrearages from November 1, 1984 to January of 1997. Mr. Kinser moved to have the order set aside on the grounds that he did not receive notice of the recommended order by the family law master. By order entered July 25, 1997 the circuit court set aside its previous order of March 6, 1997 and found as follows:

It is therefore ADJUDGED, ORDERED and DECREED that this Court does not adopt the Law Master's recommendation that arrearages are [ ] $60,-320.85, but instead orders that the correct amount of indebtedness to the Defendant for child support and alimony is $7,031.32 based upon the findings that neither child support nor alimony was payable to the

defendant from May of 1983, through February 1, 1988.

It is from the July 25, 1997 order that Ms. Kinser brings this appeal.

## II.

### STANDARD OF REVIEW

■ This Court held in the single syllabus of *Nichols v. Nichols,* 160 W.Va. 514, 236 S.E.2d 36 (1977) that "[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." It was indicated in syllabus point 1 of *Stephen L.H. v. Sherry L.H.,* 195 W.Va. 384, 465 S.E.2d 841 (1995) that "[a] circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard." We also stated that "[u]nder the clearly erroneous standard, if the findings of fact and the inferences drawn by a family law master are supported by substantial evidence, such findings and inferences may not be overturned even if a circuit court may be inclined to make different findings or draw contrary inferences." *Id.,* Syl. pt. 3.

## III.

### DISCUSSION

■ The instant proceeding is troubling. Ms. Kinser stated in her brief to this Court that this case is centered around "child support" and the "best interests of the child." The record in this case is quite clear. In 1987, Ms. Kinser's court proceedings were the for the sole purpose of requiring Mr. Kinser to pay alimony. In 1987, Ms. Kinser did not assert that Mr. Kinser owed to her alimony payments from May of 1983 to 1988. Ms. Kinser did not contend that Mr. Kinser owed her child support from May of 1983 to October of 1984, when her youngest child became emancipated. In reality, the 1987

---

**6.** This amount appears to reflect a permanent total disability award.

**7.** The original record does not contain the February 1997 petition.

petition sought nothing other than prospective alimony. The circuit court granted Ms. Kinser's request in 1988 and awarded to her alimony in the amount of $150.00 per month. When Mr. Kinser failed to make the alimony payments, Ms. Kinser properly filed her petition and sought an award for arrearages pursuant to the 1988 order. At no time did Ms. Kinser seek arrearages for pre–1988 alimony or child support. The circuit court found Mr. Kinser in contempt of the 1988 order and further ordered an increase in alimony from $100.00 per month to the sum of $150.00 per month. In 1997, Ms. Kinser raised for the first time the issue of child support and alimony for the time period between May of 1983 and 1988. The family law master concluded and recommended that Ms. Kinser be awarded arrearage alimony and child support from May of 1983 to 1997. In using the figures of $150.00 and $200.00, the family law master concluded the arrearage was $60,320.85. Ultimately, the circuit court found that, based upon the divorce decree, Ms. Kinser was not entitled to alimony or child support during the.period May 1983 to 1988.[8] In view of the record in this case we see no basis for disturbing the circuit court's order.[9]

### IV.

### CONCLUSION

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

---

8. In syllabus point two of *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987), we concluded that "[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments."

9. Had the circuit court's basis for rejecting the family law master's recommendation been incorrect, we would still affirm the ultimate decision as the statute of limitations barred enforcement of those matters between May 1983 and 1988. "The ten-year statute of limitations set forth in W.Va.Code, 38–3–18 [1923] ... applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support." Syl. pt. 6, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (1993). Ms. Kinser purported to seek alimony and child support for the period May 1983 to 1988, for the first time in 1997. Any right of action she had commenced in May, 1983. Therefore, she had to initiate the same before June, 1993.