IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ZACHARIAH D.,**
**Petitioner Below, Petitioner**

**FILED**
**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-215**   (Fam. Ct. Randolph Cnty. Case No. FC-42-2017-D-142)

**JESSICA H.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Zachariah D.[1] ("Father") appeals the Family Court of Randolph County's April 24, 2024, order that denied his petition for modification of custodial allocation. Respondent Jessica H. ("Mother") filed a response in support of the family court's order.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the parents of one child, who was born in 2016. They entered into a joint parenting plan that gave Mother primary custody of the child, which was adopted by the family court by final order entered in January of 2018. Thereafter, Father filed a petition to modify the January 2018 order. However, Father's petition was resolved by a modified agreement, which was incorporated into an order entered in August of 2019. At the time of the August 2019 order, Father resided approximately one hour away from the child in Harrison County, West Virginia. Mother resided in Randolph County, West Virginia with the child. At some point, although he still resided at his home in Harrison County, Father purchased a second home located in Randolph County to be closer to the child during his parenting time.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Larry W. Chafin, Esq., and Debra V. Chafin, Esq. Mother is represented by Scott Curnutte, Esq.

1

In October of 2022, Father filed a second petition to modify custody, seeking more parenting time with the child. On July 17, 2023, the family court entered an order that modified the August 2019, agreed order. The July 17, 2023, order found that Father's acquisition of a home in Randolph County and relocation during his custodial time with the child increased his ability to exercise time with the child and therefore, constituted a substantial change in circumstances. The court found that it was not in the child's best interest to have to travel one hour for visits with Father as had been done prior to the purchase of the Randolph County home. The family court increased Father's parenting time by awarding him parenting time on a weekly rotation. Father received parenting time from Thursday after school until Sunday at 6:00 p.m. during the first week and from Wednesday after school until Friday after school or 6:00 p.m. if there was no school during the second week. The order also forbade Father from exercising his overnight parenting time at his Harrison County home. The family court wanted to ensure that Father's purchase of the Randolph County home to increase his parenting time was sincere. Specifically, the order stated the following:

> [Father's] overnight custodial time with the child shall be exercised in Randolph County or elsewhere if traveling but shall not be exercised at [his] Bridgeport [Harrison County] home. [Father's] compliance or failure to comply with this restriction may serve as a basis for a modification of the foregoing parenting plan[.]

On October 12, 2023, Father filed a third petition to modify custody. In his petition, Father alleged that a substantial change of circumstances had occurred which justified modifying custody. Specifically, Father asserted that "[m]y time to demonstrate that I can spend more quality parenting time with my son has been achieved. I believe it is in his best interest to have a 50[-]50 schedule with his Mother and I."

On February 2, 2024, the family court held a final hearing on Father's petition. Father testified that since the entry of the July 17, 2023, order, he had become more involved in the child's life and co-parenting had improved. He also testified that he never exercised overnight parenting time with the child at his Harrison County home and that they would sleep in a camper, hotel, or at the child's best friend's home when they stayed overnight in Harrison County. Mother testified that she had observed the child in the Harrison County home at bedtime during her video calls with the child and assumed that based on the time of the calls that the child had been sleeping in that home. However, Father testified that when he spent his parenting time in the Harrison County home, they would sleep in the camper at night. To clarify, the family court asked Father where he and the child stayed on nights that Mother observed the child in the Harrison County home. Father testified that they would sleep in the camper. The following colloquy then took place between the family court and Father:

2

COURT: [D]o you understand the court's intention as to why I prohibited you from spending parenting time in the [Harrison County] house?

FATHER: Yes, Your Honor.

COURT: Tell me why.

FATHER: What's that?

COURT: Tell me why. What you believe the intention of that was.

FATHER: To make sure that I was spending my parenting time in relation to Randolph County[.]

On April 24, 2024, the family court entered a final order denying Father's petition for modification of parenting time. The family court found that based upon Father's petition and testimony that Father could spend more quality time with the child, that 50-50 custody would be in the child's best interest, that Father's increased involvement in the child's education and medical appointments, and that Father's improved co-parenting relationship with Mother did not constitute a substantial change in circumstances to justify modification. Additionally, the family court found that Father staying in the Harrison County home during his parenting time until it was bedtime and then sleeping in the camper in the driveway of that home or a friend's home circumvented the intent of the July 17, 2023, order that restricted him from spending overnights in the Harrison County home. The court explained that Father had not relocated to Randolph County but had the financial ability to purchase a second home to spend more time with his son, which was commendable, but that the court's restriction was placed to ensure that Father had relocated and that his parenting time was occurring in the Randolph County home, as Father had insisted was the reason for the purchase of that home and the basis for his October 2022 modification petition, as Father acknowledged was the court's intent. Although the court denied Father's petition for modification, it lifted the overnight restriction and only required Father to spend school nights (nights before a scheduled school day) in Randolph County. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

3

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises three assignments of error. First, Father argues that the family court erred by finding that he failed to follow the court's prior order of July 17, 2023, that required him to refrain from spending the night at his Harrison County home. In support of his argument, he asserts that the language of the July 17, 2023, order never restricted Father from spending overnights in Harrison County during his parenting time and that "a court speaks only through its orders." *Legg v. Felinton*, 219 W. Va. 478, 483, 637 S.E.2d 576, 581 (2006). He contends that since he never spent overnights in the home, the family court's finding was clearly erroneous. We find no merit in this argument.

A family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility. *See Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision). "Under the clearly erroneous standard, if the findings of fact and the inferences drawn by [the family court] are supported by substantial evidence, such findings and inferences may not be overturned even if a [reviewing court] may be inclined to make different findings or draw contrary inferences." *Campbell v. Campbell*, No. 23-ICA-149, 2023 WL 9317990, at *3 (W. Va. Ct. App. Dec. 27, 2023) (citing *Stephen L.H. v. Sherry L.H.*, 195 W. Va. 384, 395, 465 S.E.2d 841, 852 (1995) (*superseded by statute on other grounds*)).

Upon our review of the record, we decline to disturb the family court's finding that Father's explanations for staying overnights in his camper and hotels in Harrison County during his parenting was "disingenuous." It is well established that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.,* 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). *See also Gentry v. Mangum,* 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995) ("Only rarely and in extraordinary circumstances will we, from the vista of a cold appellate record, reverse a circuit court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect.").

Given all of the evidence, and ever mindful of the family court's unique function of judging the credibility of witness testimony, this Court is not "left with the definite and firm conviction that a mistake has been committed" as the family court's finding was "plausible in light of the record viewed in its entirety." Syl. Pt. 1, in part, *In Int. of Tiffany Marie S.*, 196 W. Va. 223, 226, 470 S.E.2d 177, 180 (1996). In spite of Father's contention that the family court's July 17, 2023, order did not expressly prohibit him from spending overnights anywhere except in his home in Harrison County, the court's finding that his "stays in the hotel and camper in Harrison County . . . were contrary to the intentions of the [c]ourt" was supported by the record. Father's testimony acknowledged that he was

aware that the family court's intent of the restriction was "[t]o make sure that I was spending my parenting time in relation to Randolph County[.]" Accordingly, we find no error.

Next, Father argues that the family court abused its discretion by failing to find that a substantial change of circumstances had occurred since the entry of the July 17, 2023, order. Father relies on the family court's language from its July 17, 2023, order that his acquisition of the Randolph County home, relocation during his parenting time, and increased ability to exercise time with the child constituted substantial changes in circumstances to justify modifying the August 2019 order. Father asserts that the improved relationships between him and the child, between Father and Mother, and the increased bonding between the child and Father's wife establishes a substantial change in circumstances. We disagree.

West Virginia Code § 48-9-401(a) (2022) provides that:

[A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a *substantial* change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

(Emphasis added). Our Supreme Court has held that the three following criteria must be established to justify modifying custody upon a showing of a substantial change of circumstances:

*First*, the facts relevant to the change in circumstances must not have been "known" or "anticipated" in the order that established the parenting plan. *Ibid. Second*, the change in circumstances, whether "of the child or of one or both parents[,]" must be "substantial[.]" *Ibid. Third*, the modification must be "necessary to serve the best interests of the child."

*Jared M. v. Molly A.*, 246 W. Va. 556, 561, 874 S.E.2d 358, 363 (2022).

Here, the family court's final order found that Father's relationship with the child, his increased involvement with the child's education, and his improved co-parenting relationship with Mother did not constitute a substantial change of circumstances to warrant modifying custody. In its July 19, 2023, order, the family court found that Father's "increased ability to exercise time with the child" because of his purchase of the Randolph County home and his "ability to be involved with the child and the child's education and activities" were in the child's best interest to warrant a modification of custody. Father's most recent petition for modification relied on these facts that were already known and

expressed in the July 19, 2023, order, and as such, a modification was not warranted pursuant to West Virginia Code § 48-9-401(a).

Father also argues that his improved relationship with Mother and the child's increased bond with his wife establishes a substantial change in circumstances. However, a review of the hearing indicates the following colloquy:

> MR. CHAFIN: Well, you said that the increased time that you've had over the -- over the course of the ten or so months that have elapsed since then that you're co-parenting --co-parenting with [Mother] has increased -- has improved?
>
> FATHER: It's stayed the same. I mean, we communicate on education and things we need to, but our co-parenting relationship is subpar.

We have previously stated that "[t]he burden is on the party seeking the modification to establish the required substantial change of circumstances." *Lori B. v. Danny F.*, No. 23-ICA-499, 2024 WL 4051646, at *5 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *see Corinne Z. v. Tyler M.*, No. 23-ICA-329, 2024 WL 1591071, at *2 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) (It was mother's burden, as the party seeking the modification of custody, to establish that a substantial change of circumstances had occurred); *see also Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987) (the burden of proof is on the parent seeking to modify the parenting plan).

It is apparent that Father's reliance on his co-parenting relationship as a substantial change in circumstances is not supported by the record. Also, the only testimony regarding the child's bond with Father's wife is that they have visited the wife's family in Ohio and in the past, the child would run to the wife when the child wanted something, but since the July 19, 2023, order, the child now runs to Father. "A family court's modification of a parenting plan must be directed toward the needs of the child, not the needs and wants of a parent." *Mark V.H. v. Delores J.M.*, No. 18-0230, 2019 WL 4257183, at *11 (W. Va. Sept. 9, 2019) (memorandum decision). Therefore, we find no error.

Lastly, Father argues that the family court abused its discretion by failing to apply the equal 50-50 presumption. Father acknowledges that a substantial change in circumstances must first be established to justify a modification before the 50-50 presumption is applied. Because there was no substantial change of circumstances to justify modifying custody that would warrant the application of the 50-50 presumption, we find no error.

Accordingly, based on the foregoing, we affirm the Family Court of Randolph County's April 24, 2024, order.

Affirmed.

**ISSUED:**  December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear