# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2020 Term

_____

No. 18-0627

_____

FILED
February 24, 2020
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL R. CAMPBELL,**
Petitioner Below, Petitioner

**V.**

**JOANNA V. CAMPBELL,**
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Charles E. King, Jr., Judge
Civil Action No. 2014-D-1722

**REVERSED AND REMANDED**

_____

Submitted:  January 15, 2020
Filed:  February 24, 2020

James T. Cooper
Law Office of James T. Cooper
Charleston, West Virginia
Attorney for the Petitioner

Keisha D. May
Ciccarello, Del Giudice & LaFon
Charleston, West Virginia
Attorney for the Respondent

**JUSTICE JENKINS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.  "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard.  We review questions of law *de novo*."  Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

2.  "In order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree."  Syllabus point 4, *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987).

3.  "The party petitioning for a modification of the support provisions of a divorce decree bears the burden of showing a substantial change of circumstances."  Syllabus point 3, *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987).

**Jenkins, Justice:**

The petitioner herein and petitioner below, Michael R. Campbell ("Mr. Campbell"), appeals from the June 11, 2018 order entered by the Circuit Court of Kanawha County. By that order, the circuit court affirmed the family court's order denying Mr. Campbell's motion to modify his spousal support obligation to his former wife, the respondent herein and respondent below, Joanna V. Campbell ("Ms. Campbell"). On appeal to this Court, Mr. Campbell argues that his current monthly spousal support obligation is greater than his current monthly retirement income and that the lower courts have erred by refusing to modify his spousal support obligation to an amount that is commensurate with his ability to pay. Upon a review of the parties' arguments and briefs, the appendix record, and the pertinent authorities, we conclude that the circuit court erred by affirming the family court's order that refused to modify Mr. Campbell's spousal support obligation. Accordingly, we reverse the June 11, 2018 order of the Kanawha County Circuit Court and remand this case for further proceedings consistent with this opinion.

## I.

## FACTS AND PROCEDURAL HISTORY

Mr. and Ms. Campbell married in 1995 and were divorced in October 2015; no children were born of the marriage. While they were married, Ms. Campbell worked as a postal clerk for the United States Postal Service until approximately 2009, and Mr. Campbell worked for Union Carbide, which later became The Dow Chemical Company

1

("Dow").[1]  In 2014, Mr. Campbell was offered, and accepted, an opportunity through Dow to work in Saudi Arabia for a minimum period of one year, up to a maximum period of three years.  During this time, Mr. Campbell's monthly income increased substantially, from $7,818.50 per month, when he worked for Dow in the United States, to $18,818.00 per month, working for Dow in Saudi Arabia.  It is this inflated income amount upon which the family court calculated Mr. Campbell's spousal support obligation of $5,900.00 per month during the parties' divorce proceedings.

Although Mr. Campbell had planned to work until his mid-sixties, he ultimately retired from Dow at age 60, in February 2018, when his overseas employment contract ended, and the Saudi Arabian company with which he had been working did not offer him continued employment.  As a result of his retirement, Mr. Campbell's monthly income decreased[2] significantly to $4,778.54 per month.[3]  Consequently, Mr. Campbell's

---

[1] The precise nature of Mr. Campbell's employment with Dow is unclear from the record, but his job position has been described as a "Work Process LE" in his income tax filings pertaining to his foreign employment.

[2] By contrast, Ms. Campbell's monthly income has increased since Mr. Campbell's retirement because she now receives $834.00 per month as her portion of Mr. Campbell's Dow retirement benefits in addition to her $5,900.00 per month spousal support award.

[3] When Mr. Campbell begins receiving Social Security retirement benefits at age 62, his monthly retirement income will remain the same because Dow is currently subsidizing Mr. Campbell's monthly retirement income until he starts to receive Social Security benefits, at which time his supplemental income from Dow will cease.

continued monthly spousal support obligation of $5,900.00 exceeds his current monthly retirement income by $1,121.46 per month.

Given his reduction in income, Mr. Campbell filed a petition to modify his spousal support obligation in the Family Court of Kanawha County in January 2018. In support of his request for relief, Mr. Campbell recounted that his employment with Dow had ended, he was not offered a contract with the Saudi Arabian company with which he had been working with Dow, and, as a result, "there has been a substantial change in financial circumstances since the entry of the Final [Divorce] Order thereby entitling [him] to a modification of his alimony obligation." Ms. Campbell opposed Mr. Campbell's petition and requested discovery of his financial information, in response to which Mr. Campbell provided copies of his bank statements for his United States checking account,[4] federal and state income tax returns, and documents explaining the amount of his retirement income from Dow as well as the conditions attached thereto.[5]

---

[4] Mr. Campbell subsequently also disclosed copies of his bank statements for his United States savings account and for a new bank account he opened in Thailand when he moved there following his retirement.

[5] Such conditions included a confidentiality agreement, a non-disparagement provision, and a non-compete clause, which Mr. Campbell argued precludes his employment in a similar capacity with a competitor of Dow in the United States.

In support of her opposition to Mr. Campbell's modification petition, Ms. Campbell submitted a statement of her monthly expenses, which totaled $7,968.08.[6] Included in Ms. Campbell's monthly expenses are amounts for her mortgage payment for the parties' former marital home, ownership of which Ms. Campbell received in the divorce; vehicle maintenance; and health insurance, as well as allowances for groceries and personal care.

Following several evidentiary hearings, the family court, by order entered May 7, 2018, denied Mr. Campbell's modification petition. In so ruling, the family court found that Mr. Campbell had failed "to prove that a substantial change of circumstances ha[s] occurred." The family court based this finding, in part, upon Mr. Campbell's purchase of a home in Thailand following his retirement, where he now resides with his new wife, and his use of savings he had amassed during his employment to fully fund the home's purchase price of $150,000.00.[7] The family court also cited that Mr. Campbell "has failed to provide the Court with necessary verifiable financial documentation to

_____

[6] While Ms. Campbell claims that her monthly expenses for her single person household are $7,968.08, it appears that the monthly household expenses for both Mr. and Ms. Campbell when they were married and Mr. Campbell was working for Dow in the United States were approximately $4,400.00. Additionally, Mr. Campbell claimed during the instant modification proceeding that his current expenses for a household of two people living in Thailand are roughly $2,500.00 per month.

[7] At the time of their divorce, the parties' marital home and associated property, which included a second home in which Ms. Campbell's mother resides, was valued at $138,000.00. Ms. Campbell received the marital home and all associated property in the divorce, including Mr. Campbell's share of the equity therein.

support his request herein"[8] as an additional basis for refusing to reduce the amount of his spousal support obligation.

Mr. Campbell then appealed from the family court's order to the Circuit Court of Kanawha County. By order entered June 11, 2018, the circuit court summarily affirmed the family court's order. From this adverse decision, Mr. Campbell appeals to this Court.

## II.

## STANDARD OF REVIEW

The instant proceeding is before this Court on appeal from the circuit court's order affirming the family court's order denying Mr. Campbell's petition to modify his spousal support award. We previously have held that,

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). *See also* Syl. pt. 2, *Lucas v. Lucas*, 215 W. Va. 1, 592 S.E.2d 646 (2003) ("In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged

---

[8] See *supra* note 4 and corresponding text regarding the financial information Mr. Campbell provided during the underlying proceedings.

standard of review is applied. Under these circumstances, a final . . . order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review."). With respect to the specific issue presently before the Court, we have held that "[q]uestions relating to alimony . . . are within the sound discretion of the court and its actions with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). In light of these standards, we consider the parties' arguments.

## III.

## DISCUSSION

On appeal to this Court, Mr. Campbell assigns error to the lower courts' orders denying his modification petition. In refusing his request to reduce his monthly spousal support obligation, the family court concluded that Mr. Campbell had not demonstrated a substantial change in his financial circumstances to support his modification petition, which decision the circuit court affirmed. Before this Court, Mr. Campbell again asserts that he has sustained a substantial change of circumstances, attributable to his reduced monthly income as a result of his retirement, sufficient to warrant a reduction in his support obligation. We agree that Mr. Campbell is entitled to a modification of his spousal support obligation.

6

At its most basic level, an award of spousal support is designed to provide for the care and maintenance of the payee spouse following the termination of the couple's marriage: "[t]he sole purpose of an award of alimony is to provide for the support of a former spouse." Syl. pt. 3, in part, *Clay v. Clay*, 182 W. Va. 414, 388 S.E.2d 288 (1989). In awarding Ms. Campbell spousal support incident to the parties' divorce, the family court considered the various statutory factors contributing to such an award. *See generally* W. Va. Code § 48-6-301 (LexisNexis 2015). The parties do not here quarrel regarding the family court's initial award of spousal support to Ms. Campbell.

Nevertheless, a corollary component to an award of spousal support must necessarily be the payor spouse's ability to satisfy the payment thereof. To this end, the Legislature specifically has recognized that "[a]n award of spousal support shall not be disproportionate to a party's ability to pay as disclosed by the evidence before the court." W. Va. Code § 48-8-103(a) (LexisNexis 2015). Again, it appears that Mr. Campbell satisfied his monthly spousal support obligation ordered by the family court until immediately before his retirement when his income dramatically decreased.

Recognizing that people's financial fortunes may not remain constant for perpetuity, the Legislature also has provided for the subsequent modification of a spousal support award should the parties' circumstances so warrant:

> At any time after the entry of an order pursuant to the provisions of this article, the court may, upon motion of either party, revise or alter the order concerning the maintenance of

the parties, or either of them, and make a new order concerning the same, issuing it forthwith, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice.

W. Va. Code § 48-8-103(b). *Accord* W. Va. Code § 48-5-701 (LexisNexis 2015) ("After the entry of a final divorce order, the court may revise the order concerning spousal support or the maintenance of the parties and enter a new order concerning the same, as the circumstances of the parties may require."). We have interpreted the requisite criteria to make such a showing as follows: "In order to satisfy the requirement of a substantial change in circumstances necessary to grant a modification in support obligations, the change must be one which would not reasonably have been expected at the time of the divorce decree." Syl. pt. 4, *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987). We further have held that courts are required "to consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding." Syl. pt. 2, in part, *Yanero v. Yanero*, 171 W. Va. 88, 297 S.E.2d 863 (1982).

Finally, "[t]he party petitioning for a modification of the support provisions of a divorce decree bears the burden of showing a substantial change of circumstances." Syl. pt. 3, *Goff*, 177 W. Va. 742, 356 S.E.2d 496. *Accord* Syl. pt. 7, in part, *Lucas*, 215 W. Va. 1, 592 S.E.2d 646 ("The burden of proof to establish changed circumstances justifying reduction or termination of spousal support . . . remains upon the payor, as the party petitioning for modification.").

8

Thus, in order to demonstrate his entitlement to a modification of his spousal support obligation, Mr. Campbell is required to prove "a substantial change of circumstances," Syl. pt. 3, in part, *Goff*, 177 W. Va. 742, 356 S.E.2d 496, that was "not reasonably . . . expected at the time of the divorce decree," Syl. pt. 4, in part, *Goff*, *id.*[9] Having reviewed the appendix record in this case, which contains the evidence presented to the family court in support of Mr. Campbell's modification petition, as well as the family court's original divorce order, we find that Mr. Campbell has sustained his burden of proof and is entitled to a modification of his spousal support obligation.

At the time of the parties' divorce, Mr. Campbell was working overseas and earning almost two and one-half times the salary he received when he was working for Dow in the United States. This inflated income is the amount upon which Ms. Campbell's spousal support award was calculated. Since that time, however, Mr. Campbell has retired from his former employment such that his current monthly income is approximately only one-fourth of the amount it was at its zenith. In actual terms, Mr. Campbell's spousal support award exceeds his gross retirement income by $1,121.46 per month.

---

[9] An additional factor to consider in determining whether a spousal support order should be modified is whether there exists an "explicit, well expressed, clear, plain and unambiguous provision . . . set forth in . . . the order granting the divorce" that precludes the modification of the family court's spousal support award. W. Va. Code § 48-6-201(b) (LexisNexis 2015). The parties do not contend, and we do not find, that such a restriction exists in this case.

9

Although the Legislature has recognized that

> [p]ayments of spousal support are to be ordinarily made from a party's income, but when the income is not sufficient to adequately provide for those payments, the court may, upon specific findings set forth in the order, order the party required to make those payments to make them from the corpus of his or her separate estate[,]

W. Va. Code § 48-8-103(a), this alternative payment option is not a viable solution in the case *sub judice*. At the current spousal support rate of $5,900.00 per month, Mr. Campbell would be required to spend the entirety of his monthly retirement income and expend additional monies from his savings reserves to fully satisfy his obligation, thus leaving him with no amount of his monthly retirement income from which to pay his own monthly expenses. Continuing payments in this manner would completely deplete Mr. Campbell's savings after approximately three years, or less if he used a portion of these resources to satisfy his monthly needs, after which time he would have no estate corpus from which to meet his monthly spousal support deficiency, and, arguably, would again have to request a modification of his spousal support obligation. Insofar as the Legislature has cautioned that "[a]n award of spousal support shall not be disproportionate to a party's ability to pay," W. Va. Code § 48-8-103(a), it is clear that Mr. Campbell has demonstrated "a substantial change of circumstances," Syl. pt. 3, in part, *Goff*, 177 W. Va. 742, 356 S.E.2d 496, sufficient to support a modification of his spousal support obligation because his current assets are not sufficient to fully satisfy the monthly amount of spousal support he has been ordered to pay.

10

Moreover, while the parties presumably recognized that Mr. Campbell likely would retire at some point in time, this fact does not appear to have been contemplated by the family court in its final order establishing the current spousal support obligation. Neither did the family court make an allowance for the instant scenario in which Mr. Campbell's overseas employment ended sooner than the parties hoped or anticipated. In short, the family court's monthly award of $5,900.00 spousal support to Ms. Campbell is simply to continue as ordered "until the death of either party or until such time as [Ms. Campbell] remarries." No provision is included in the final divorce order for a change in Mr. Campbell's monthly income attributable to the cessation of his overseas employment contract, his retirement, or for any other reason. As such, the current financial circumstances of Mr. Campbell were "not reasonably . . . expected at the time of the divorce decree," Syl. pt. 4, in part, *Goff*, *id.*, and, thus, provide further support for his modification petition.

For the foregoing reasons, we conclude that the family court erred by denying Mr. Campbell's petition to modify his spousal support award and that the circuit court erred by affirming the family court's ruling. Accordingly, we reverse the circuit court's order and remand this case to the family court for further proceedings to recalculate Mr. Campbell's spousal support obligation, upon consideration of "the financial needs of the parties, their incomes and income earning abilities and their estates

and the income produced by their estates." Syl. pt. 2, in part, *Yanero*, 171 W. Va. 88, 297 S.E.2d 863.[10]

## IV.

## CONCLUSION

For the foregoing reasons, we reverse the June 11, 2018 order of the Circuit Court of Kanawha County and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.

---

[10] To the extent Mr. Campbell has raised assignments of error regarding specific items that the lower courts either allegedly failed to consider or misconstrued during the underlying modification proceedings, *i.e.*, the effect of Mr. Campbell's future receipt of Social Security retirement benefits and Ms. Campbell's claims of having paid marital debts following the parties' divorce, such issues should be addressed in the proceedings on remand in the course of recalculating Mr. Campbell's spousal support obligation.