# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICHARD KEVIN JACKSON,**
**Petitioner Below, Petitioner**

**FILED**
**January 12, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-162**   (Fam. Ct. Taylor Cnty. No. 12-D-128)

**JANET LEE JACKSON,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Kevin Jackson appeals the March 22, 2023, order of the Family Court of Taylor County, which granted his petition to modify spousal support and reduced his monthly spousal support obligation to respondent Janet Lee Jackson. Ms. Jackson filed a response.[1] Mr. Jackson filed a reply. The issue on appeal is whether the family court sufficiently reduced his spousal support obligation.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons stated below, this case is remanded with directions for further proceedings.

The parties were married on September 14, 1974, and were divorced by a final divorce decree, dated October 2, 2013. Under the terms of their divorce, Mr. Jackson agreed to pay Ms. Jackson $2,400.00 per month in permanent and modifiable spousal support. On November 4, 2022, Mr. Jackson, then self-represented, filed a petition to modify the spousal support obligation, along with supporting financial documentation. In support of his petition, Mr. Jackson stated that at that time, his only source of income was $1,747.00 in social security retirement benefits, and that he only had approximately $57,000.00 remaining in savings. On January 13, 2023, Ms. Jackson filed her response and financial disclosures.

The family court heard the petition on January 31, 2023, and at that time both parties appeared on their own behalf. On March 22, 2023, the family court issued its final order,

---

[1] Mr. Jackson is represented on appeal by Travis D. Britton, Esq. and Ms. Jackson is self-represented.

which found there had been a substantial change in circumstances, and that Mr. Jackson's monthly spousal support obligation should be reduced to $1,400.00.

Notably, in its order, the family court found that neither party had provided complete financial information. It also took judicial notice of, and relied heavily upon, its order following a contempt petition filed by Ms. Jackson in May 2022, regarding Mr. Jackson's failure to pay spousal support from January 2022 through May 2022. Specifically, the family court noted that at that time Mr. Jackson was receiving $1,747.00 per month in social security retirement benefits, had bank statements showing deposits totaling $10,846.42 from contracting jobs he had performed in 2022, and had $84,208.00 in his bank account.

Regarding Mr. Jackson's testimony on January 31, 2023, the family court found that Mr. Jackson's only income was his social security and that while he wanted to work, the contractors who had previously hired him for jobs were no longer in business, and he had no current prospect of employment. However, based upon his testimony, the family court concluded that, "[Mr. Jackson] testified that he will continue to do side jobs." Mr. Jackson also testified that he had a girlfriend; that she owned her own home but spent considerably more time at his house than her own; and that but for occasionally buying groceries, she did not contribute to his household or his day-to-day expenses. Based on Mr. Jackson's financial disclosures and testimony, the family court found that Mr. Jackson filed his monthly budget but provided no current income information or recent tax returns. Nevertheless, the family court determined that his monthly expenses totaled $1,672.00, but also found that his expenses should be reduced because his girlfriend should be contributing towards those costs. The family court also determined Mr. Jackson's monthly income to be $4,458.61. His monthly income was calculated by using his monthly social security payment of $1,747.00 plus an additional $2,711.61, which the family court found to be his average monthly income from contracting jobs. This average monthly income was based on four months of bank statements that were provided in the contempt proceeding several months prior. Based on these calculations, the family court found that Mr. Jackson had "a substantial monthly surplus" and "an ability to pay a spousal support obligation."

Ms. Jackson testified that she lived alone, received income as a care provider for the parties' disabled granddaughter, and received $783.90 in monthly social security income. She testified that her grocery budget was approximately $500 per month to ensure that there was extra food in her house because her adult children, their spouses, and her grandchildren visit regularly. Ms. Jackson also stated that she understood why Mr. Jackson's spousal support should be decreased. The family court found that Ms. Jackson's monthly expenses totaled $2,077.98 and her net monthly income was $1,316.43. However, the family court found that those figures were incomplete because there were several items listed on Ms. Jackson's financial disclosures as monthly expenses but without an assigned cost. Based on this limited information, the family court concluded that Ms. Jackson's budget was reasonable and that she had a financial need for spousal support.

The family court found that a substantial change in circumstances existed to warrant modification of Mr. Jackson's spousal support obligation under West Virginia Code § 48-8-103(b) (2012)[2] and without showing any specific data or analysis for its revised computation, the family court set Mr. Jackson's new obligation at $1,400.00 per month. It further concluded that Ms. Jackson had received a $4,000.00 overage in spousal support payments and offset that amount by reducing Mr. Jackson's monthly obligation by $250.00 per month for the next sixteen months. This appeal followed.

When considering such appeals, we apply the following standard of review:

> "In reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

A lower court's analysis of a petition for modification of spousal support is two-fold. First, a substantial change of circumstances must be established. *See, e.g.,* Syl. Pt. 3, *Campbell v. Campbell*, 243 W. Va. 71, 842 S.E.2d 440 (2020) (citing Syl. Pt. 3, *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987)) (holding that party seeking modification has burden of showing substantial change of circumstances). Once a substantial change of circumstances has been established, the specific list of factors under West Virginia Code § 48-6-301(b) must be considered by the family court. As the Supreme Court of Appeals of West Virginia has observed:

> In fixing the amount of spousal support, if any, to be ordered where modification is requested . . . the courts must also be guided by the specific list of factors set forth by the West Virginia Legislature for determining

---

[2] West Virginia Code § 48-8-103(b) states: "At any time after the entry of an order . . . the court may . . . revise or alter the order concerning the maintenance of the parties . . . and make a new order concerning the same . . . as the altered circumstances or needs of the parties may render necessary to meet the ends of justice." *See also* West Virginia Code § 48-5-701 (2001) (granting family court authority to revise final divorce order with regards to spousal support).

spousal support in the original instance, pursuant to West Virginia Code § 48-6-301 (2001).

*Lucas v. Lucas*, 215 W. Va. 1, 8, 592 S.E.2d 646, 653 (2003) (footnote omitted). The Supreme Court of Appeals has also stated that courts should consider "the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates" in determining the amount of spousal support to be awarded in a modification proceeding. *Campbell*, 243 W. Va. at 75, 842 S.E.2d at 444 (citing Syl. Pt. 2, in part, *Yanero v. Yanero*, 171 W. Va. 88, 297 S.E.2d 863 (1982)).

On appeal, Mr. Jackson argues that the family court failed to sufficiently reduce his spousal support obligation. In support, Mr. Jackson asserts that the family court failed to consider the factors for determining spousal support as set forth under West Virginia Code § 48-6-301(b) (2018), but instead, the family court based its decision upon irrelevant facts, such as Mr. Jackson's girlfriend's ability to contribute to his monthly expenses, as well as incomplete and outdated financial information.

While the family court found that Mr. Jackson had established a substantial change of circumstances, we find that the family court's order lacks a sufficient analysis or findings regarding the comprehensive list of the twenty factors that a family court must consider under West Virginia Code § 48-6-301(b). Because the family court failed to consider these factors, we do not have sufficient findings to consider the appropriateness of Mr. Jackson's new spousal support obligation. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801 S.E.2d 282, 288 (2017) ("We recognize that as long as the family court fully considers the mandatory statutory factors, and its award of spousal support is within the parameters of reasonableness, this Court should not disturb the award on appeal."). Therefore, we find that the family court erred by setting $1,400.00 per month as the revised spousal support obligation.

Mr. Jackson next asserts that the family court erred by concluding that his girlfriend should be contributing to his monthly expenses, thereby giving Mr. Jackson more available funds to pay spousal support. We agree. To modify spousal support based on an ex-spouse cohabiting with another person, the family court must make "specific written findings by the court that . . . a de facto marriage has existed between the spousal support *payee* and another person." W. Va. Code § 48-5-707(a)(1) (2001) (emphasis added). In its order, the family court made no written findings to this effect. Moreover, the recipient of the support award, or payee, is *Ms. Jackson*.[3] The plain language of West Virginia Code § 48-5-707

---

[3] Modification of spousal support due to cohabitation under West Virginia Code § 48-5-707 places the focus on the *recipient*'s need for continued support, not changes in the *payor*'s cohabitation. *See Lucas v. Lucas*, 215 W. Va. 1, 8, 592 S.E.2d 646, 653 (2003) ("[W]e hold that under West Virginia Code § 48-5-707, the essential question is whether the de facto marriage . . . warrants the reduction . . . [of] payor's financial obligations by

does not provide for modifications of spousal support based upon proof that a payor spouse is in a de facto marriage. Accordingly, we conclude the family court erred by considering Mr. Jackson's living arrangement with his girlfriend in adjusting his spousal support obligation.

As a final matter, we also find that the family court's order lacks sufficient findings of fact and conclusions of law necessary for a meaningful appellate review. *See, e.g.*, *Miranda B. v. Timothy O.*, No. 22-ICA-130, 2023 WL 1463825, at *2 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision).

Because our holding above already requires remand for a recalculation of spousal support, we need not address Mr. Jackson's other arguments. However, we note that, on remand, the family court may, in its discretion, take further evidence regarding the parties' current finances in recalculating the revised spousal support award, expressly applying the factors enumerated in West Virginia Code § 48-6-301(b) in an order sufficient for a meaningful appellate review.

Accordingly, we remand the March 22, 2023, order to the family court for reconsideration of its revised spousal support award. The March 22, 2023, order of the Family Court of Taylor County is hereby considered to be a temporary spousal support order and shall remain in place until a further order is issued consistent with this decision.

Remanded with Directions.

**ISSUED:** January 12, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

creating a substantial change in circumstances [by] altering the recipient's need for spousal support.").