540 S.E.2d 581

**Carlis G. ADKINS, Plaintiff below, Appellant,**

v.

**Thelma ADKINS, Defendant below, Appellee.**

No. 27619.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2000.

Decided Oct. 27, 2000.

Heather R. Hussell, Esq., Patricia Keller, Esq., Hussell & Keller, Huntington, West Virginia, Attorneys for Appellant.

Michael A. Woelfel, Esq., Huntington, West Virginia, Attorney for Appellee.

PER CURIAM:

This case is before us on appeal of a final order of the Circuit Court of Cabell County, entered on March 29, 1999. The order of the circuit court made findings of fact and conclusions of law that were contrary to the findings of fact and conclusions of law recommended by the family law master. The appellant, Carlis Adkins ("appellant"), contends that the circuit court erred in rejecting the family law master's recommended order, and that the circuit court erred in holding that the appellant was required to continue making alimony payments. Following our review of the record and applicable law, we find that the circuit court erred. We therefore reverse the order of the circuit court and remand this case for entry of an order in conformity with this opinion.

I.

The appellant and Thelma Adkins ("appellee"), were married on July 20, 1959, and were divorced in Cabell County, West Virginia, on October 2, 1986. Pursuant to the parties' divorce order, the appellant was ordered to pay $300.00 per month for alimony and $217.96 per month for the appellee's mortgage. Additionally, upon the appellant's retirement, the appellee was to receive one-half of the appellant's pension.

After obtaining the divorce, the appellant remarried and had a child with his new wife.

The appellant was employed as a nursing assistant at a veteran's hospital and, after 41 years of employment at the hospital, retired in 1997. The appellant testified before the family law master that he was asked by his supervisors to take an early retirement[1] due to downsizing. Upon his retirement, the appellant received a lump payment of approximately $16,000.00 of which he applied $6,000.00 toward debts; he also purchased a certificate of deposit for $10,000.00. In addition to this lump sum payment, the appellant began to draw a monthly pension of $810.83. From his share of his pension, the appellant continued to pay the $300.00 a month in alimony and $217.96 a month for the appellee's mortgage, leaving the appellant with $292.87 a month.

The appellee is unemployed and has suffered for years from various medical conditions. It was noted by the circuit court that due to her condition the appellee might be eligible for social security disability and/or supplemental security income and related benefits; however, the appellee has chosen not to apply for these benefits.[2]

The appellee, in addition to receiving the $300.00 a month alimony and $218.00 mortgage payment, also began receiving $575.00 a month as her share of the appellant's pension fund. Therefore, following the appellant's retirement, the appellee was receiving a total of $1,093.00 monthly from the appellant, and the appellant was retaining but $293.00 monthly from his retirement funds.

The appellant filed a petition to modify the previously awarded alimony, contending that there had been a substantial change in circumstances. On July 29, 1997, a hearing was conducted before the family law master on the appellant's motion. After listening to testimony and reviewing the record, the family law master determined that there had been a substantial change of circumstances due to the appellant's retirement. The family law master, therefore, recommended that

---

1. The appellant turned 60 years of age on October 1, 1997.

2. The circuit court stated in its order that:
 [D]espite knowing that social security disability income and/or supplemental security income and related benefits may be available to her, the [appellee] has never applied for the same. Consequently, there is no finding made that the [appellee] is permanently and totally dis-abled or that she is eligible for social security disability income and/or supplemental security income benefits. (The [appellee] has not applied for such benefits because she has been advised that her alimony would be offset against any supplemental security income benefits if any were to be awarded, and she did not want to forfeit her alimony.)

the appellant's alimony payment of $300.00 per month should be terminated. The family law master further recommended that the appellant should continue to make the full monthly mortgage payment of $218.00, with one-half of the mortgage payment being the appellant's responsibility pursuant to the original divorce order, and the other half being paid by the appellant to the appellee as "incident to alimony." Under the family law master's recommendation, the appellant's and appellee's incomes would be closer to equal.

The appellee filed a petition of Objections and Exceptions with the Circuit Court of Cabell County. Following a review of the record, the circuit court judge determined that the family law master had committed error and found that the original $300.00 monthly alimony award was contractual, and thus not subject to modification. By order dated March 29, 1999, the circuit court ordered that the appellant continue to make the $300.00 a month alimony payment, that the appellant pay an additional $100.00 a month to satisfy any arrearages,[3] and further ordered that the appellant pay $1,500.00 for the appellee's attorney fees. It is from this order that the appellant appeals.

## II.

We have previously set forth the standard that a circuit court should employ when reviewing a recommended order of a family law master.

A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard.

Syllabus Point 1, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995). *Stephen L.H.* requires that substantial deference be given to the factual findings and recommendations of the family law master, if these findings and recommendations are supported by the record and are based on an appropriate application of the law. *See*

*Banker v. Banker*, 196 W.Va. 535, 540–541, 474 S.E.2d 465, 470–471 (1996).

The authority of a circuit court to modify alimony is contained in *W. Va.Code*, 48-2-15 [1999], that provides, in pertinent part:

(e) After the entry of an order pursuant to the provisions of this section, the court may revise the order concerning the maintenance of the parties and enter a new order concerning the same, as the circumstances of the parties may require.

We have stated that "the primary standard to determine whether or not a trial court should modify an order awarding alimony is a substantial change of circumstances." *Zirkle v. Zirkle*, 172 W.Va. 211, 217, 304 S.E.2d 664, 671 (1983). We have placed the burden of showing a substantial change of circumstances on the party petitioning for modification of the alimony award. Syllabus Point 3, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987). To determine if there has been a substantial change of circumstances, the circuit court must "consider the financial needs of the parties, their incomes and income earning abilities and their estates and the income produced by their estates in determining the amount of alimony to be awarded in a modification proceeding." Syllabus Point 2, in part, *Yanero v. Yanero*, 171 W.Va. 88, 297 S.E.2d 863 (1982).

In reviewing the present case, this Court finds that the family law master correctly held that there had been a substantial change of circumstances. The record reveals that, following his retirement, the appellant's monthly income went from $2,083.00 to $810.00, from which the appellant was expected to pay $518.00 ($300.00 alimony and $218.00 mortgage) a month to the appellee, leaving the appellant with $292.87 a month. Conversely, after the appellant's retirement, the appellee's monthly "income" went from $518.00 to $1,093.00. Following *Yanero, supra,* and *Goff, supra,* it is clear that the appellant's retirement created a substantial change of circumstances.

Having determined that there was a substantial change of circumstances, we must

---

**3.** It would appear from the record that the appellant ceased making the $300.00 a month alimony payments after the family law master submitted his recommended order.

now examine whether the alimony granted in the 1986 divorce order was subject to modification. The family law master determined that the alimony awarded to the appellee was subject to modification; however, the circuit court judge found that the original alimony award was contractual and so not subject to modification.

 We note that the parties in this action entered into a separation agreement that was later incorporated into the 1986 divorce order. *W.Va.Code,* 48–2–16(a) [1999][4] provides, in pertinent part, that:

> Any award of periodic payments of alimony shall be deemed to be judicially decreed and subject to subsequent modification unless there is some explicit, well expressed, clear, plain and unambiguous provision to the contrary set forth in the court-approved separation agreement or the order granting the divorce.

In interpreting this statute, this Court has held that:

> In all domestic relations cases where the final order is entered after 1 February 1979 wherever the court provides for a periodic payment (alimony) to a party either by reference to a property settlement agreement in the divorce decree itself or by incorporation of the property settlement agreement into the decree, regardless of whether the words "ratified," "approved," "confirmed," or "merged" are used, it shall be presumed that such award of periodic payments is judicially decreed alimony or alimony and child support, and unless there are specific words in the property settlement agreement or divorce decree to the contrary, any award of periodic payment shall be governed by the law of alimony and child support and not by contract law.

> In all domestic relations cases where the final order is entered after 1 February 1979 there shall be no special legal effect in the divorce decree attached to the words "merged," "ratified," "confirmed," "approved," "incorporated," etc., and where the parties and the court wish to do something other than award judicially decreed periodic payments for alimony or alimony and child support enforceable by contempt and subject to modification by the court, the parties must expressly set forth the different terms to which they agree and the court must expressly indicate his approval of their agreement.

Syllabus Points 3 and 5, *In re Estate of Hereford,* 162 W.Va. 477, 250 S.E.2d 45 (1978).

The alimony granted the appellee in the 1986 divorce order was for periodic payments, and we find no express language in the separation agreement or in the divorce order indicating that the periodic alimony is not subject to modification. Furthermore, as set forth in Syllabus Point 3 of *Hereford, supra,* "unless there are specific words in the property settlement agreement or divorce decree to the contrary, any award of periodic payment shall be governed by the law of alimony and child support and not by contract law." Neither the separation agreement nor the divorce decree provides that the awarded alimony would be governed by contract law; consequently, the alimony award is governed by the law of alimony. Because we can find no expressed language in either the separation agreement or the divorce decree indicating that the periodic payments of alimony were to be construed under contract law or any expressed language indicating that the alimony was not subject to modification, we find that the alimony provided for in the 1986 divorce decree was subject to modification.

Consequently, we find that the family law master had substantial evidence to support his recommendation that the alimony awarded to the appellee was subject to modification and, due to the substantial change in circumstances experienced by the parties, it was appropriate to stop the $300.00 per month alimony payment. We find that the circuit court erred in substituting its judgment for that of the family law master regarding the alimony. Accordingly, on remand, the circuit court should reinstate the family law mas-

---

**4.** The language excerpted from the 1999 statute is identical to the language in *W.Va.Code,* 48–2– 16(a)[1984], that was operating at the time the parties obtained their divorce.

ter's recommendation to cease the payment of $300.00 per month alimony.

 We next examine the appellant's other assignment of error, that the circuit court erred in requiring the appellant to pay $1,500.00 for the appellee's attorney's fees after the family law master had recommended that each party be responsible for their own attorney fees.

As a general rule, a trial court has discretion to award attorney fees in a proceeding to modify alimony. *Goff v. Goff,* 177 W.Va. 742, 747, 356 S.E.2d 496, 501 (1987). We have stated that the principal inquiry in determining whether to compel a party to pay the attorney fees for the other party is whether the financial circumstances of the parties dictate that the award of attorney's fees is necessary. In *Langevin v. Langevin,* 187 W.Va. 585, 590, 420 S.E.2d 576, 581 (1992) we stated that the decision regarding payment of attorney's fees is to be made on the basis of a party's financial resources and ability to pay. Additionally, we have held that "[t]he touchstone of the award is that one spouse has a significant higher income than the other." *Smith v. Smith,* 187 W.Va. 645, 650, 420 S.E.2d 916, 921 (1992) (*per curiam*).

In the case before us, the record indicates that under the family law master's recommendation, the appellant would retain $592.00 per month after paying the appellee's mortgage of $218.00, whereas the appellee would receive $575.00 per month as her share in the appellant's pension and receive $218.00 for her mortgage payment. Under this scheme, we do not find there is a wide discrepancy in income between the appellant and appellee. Consequently, the decision of the family law master not to award attorney fees was not clearly erroneous, and the circuit court's decision to reverse the recommendation of the family law master was in error.

### III.

For the above stated reasons, the judgment of the Circuit Court of Cabell County is

reversed and we remand this matter to the lower court for an entry of an order consistent with the conclusions imbedded in the recommendations of the family law master as stated above.[5]

Reversed and Remanded.

---

5. The appellant also assigns as error the circuit court's order of arrearages; however, due to our holding in this case on the other assignments of error, we do not need to address this issue.