# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL KING,**
**Respondent Below, Petitioner**

**v.)  No. 24-ICA-392**          (Fam. Ct. Webster Cnty. Case No. FC-51-2022-D-55)

**LURINDA KING,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michael King ("Husband") appeals the Family Court of Webster County's August 29, 2024, order that granted, in part, Respondent Lurinda King's ("Wife") Motion for Reconsideration of the December 1, 2023, Final Divorce Order.[1] Wife filed a response in support of the family court's order. Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in April of 1981 and separated in October of 2022. Wife filed for divorce shortly after their separation. On August 31, 2023, the family court held a final hearing on the divorce petition and by Final Divorce Order entered on December 1, 2023, the parties were divorced. The Final Divorce Order equitably distributed the parties' assets, awarded spousal support after discussing the statutory spousal support factors, and denied attorney fees.

In the Final Divorce Order, the court found, among other things, the following regarding the statutory spousal support factors: the parties had been married for forty-two years; Wife was sixty-two years old; Wife testified she had limited work experience; Wife moved twenty-seven times during the marriage for Husband's various job opportunities; Wife receives $495 monthly in Social Security benefits; Wife receives SNAP benefits and Medicaid; Wife testified that she has some health issues but is not disabled; Wife has no formal education past high school; Husband was sixty years old; Husband has been the

---

[1] Husband is represented by Christopher T. Pritt, Esq. Wife is represented by Jared S. Frame, Esq.

1

primary wage earner throughout the marriage, working as a safety inspector at various hydro plants throughout the country; Husband was earning over $100,000 annually when he retired in 2020; Husband is no longer employed and has been using distributions from his 401k to support himself; Husband testified that he has some health issues that will no longer allow him to do his previous work, which required extensive walking, climbing scaffolding, boilers, and more; Husband testified that he had not applied for Social Security benefits because he wanted to receive a greater benefit amount; an exhibit illustrated that Husband is entitled to $2,421 in Social Security benefits beginning June 2021, $3,438 beginning May 2028, and $4,263 beginning May 2031; both parties have income earning potential although Husband unquestionably has greater income potential; the parties enjoyed a comfortable standard of living during their marriage; Wife now lives on minimal income; and Husband is unemployed and has no income but is subsisting on his retirement account monies, which is of his own choosing.

> Regarding spousal support, the court ordered as follows:
>
> [Wife] is hereby granted a lump sum award of spousal support in the amount of $60,000, which sum shall be deducted from that amount owed by [Wife] to [Husband] for the marital home. This lump sum award shall cover the period beginning November 1, 2023, through October 30, 2026. Thereafter, if [Husband] has begun drawing his Social Security Benefits or has returned to employment, either full time, part time, or as a contractor, [Husband] shall pay to [Wife], beginning November 1, 2026, the sum of $400.00 per month as spousal support. This sum shall be in addition to any monies to which [Wife] may be entitled as a beneficiary under [Husband's] social security account. The monthly spousal support payments shall be subject to modification by either party if there is a significant change in the parties' circumstances.

The court did not award attorney fees based on the following analysis:

> The touchstone of an award of attorney fees is that one spouse has significant higher income than the other. *Adkins v. Adkins.* 208 W. Va. 364, 540 S.E.2d 581 (2000). Other factors the [c]ourt is to consider are set forth in the case of *Banker v. Banker,* 196 W. Va. 535, 474 S.E.2d 465 (1996) to-wit: the parties ability to pay his/her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each parties standard of living, the degree of fault of either party making the action necessary, and the reasonableness of the attorney's fees request. First, [Wife] has not submitted a detailed invoice of the attorney fees claimed. Secondly, at this juncture in their lives, particularly after the equitable division of the marital property, the parties are substantially on an even footing. In fact, as of the hearing, [Wife] was receiving social security

benefits and [Husband] had zero income. Fault was never raised in this case and therefore has no application. The [c]ourt is of the opinion the parties should pay their own attorney fees and costs.

After the family court's Final Divorce Order was entered, both parties filed motions to reconsider the order. Relevant to this appeal, Wife alleged that Husband had made misrepresentations to the family court and sought a reconsideration of the lump sum spousal support award and of the court's denial of attorney fees.

On February 14, 2024, and April 24, 2024, the family court held final hearings on the parties' motions to reconsider the December 1, 2023, Final Divorce Order. On August 29, 2024, the court entered an order granting, in part, and denying, in part, the parties' motions. Relevant to this appeal, the court found that Husband previously testified that he had not applied for Social Security, could no longer perform his past work, and had zero income at the time of the August 2023 final hearing. The court stated that "[h]owever, at the hearing on the motions for reconsideration held April 24, 2024, [Husband's] health had miraculously improved such that he was employed performing the same or similar work he had during his marriage[,]" and was making approximately $200,000 a year in wages and per diem, "rendering his prior testimony wholly incredible." The court found that "[Husband's] income is approximately $16,666.67 per month and not the zero income this court initially considered" and that his "testimony at the time of the [August 2023] hearing relative to his health and his ability to work smacks of fraud," constituting at the very least "a misrepresentation" . . . "to avoid spousal support payments to his ex-wife of 42 years." The court specifically found that reconsideration of the prior spousal support award was appropriate because of Husband's "lack of candor to his health and his earning capacity," and his attempt to "dupe the [c]ourt." Based on its findings and analysis, the court granted Wife a "lump sum spousal support award of $30,000 per year ($2,500.00 per month) for the 3[-]year period, beginning November 1, 2023, through October 30, 2026, in other words a lump sum award of $90,000.00."

The family court further found and ordered that although "[n]either party has sought reconsideration of the monthly spousal support of $400 per month commencing with the 1st day of November 2026 . . . the [c]ourt would be remiss not to address that number as well given [Husband's] false representations in prior proceedings concerning his earning ability." The court then reconsidered its previous monthly spousal support award and ordered Husband to pay $500 per month when he begins receiving Social Security benefits, and $750 per month beginning on November 1, 2026.

Regarding attorney fees, the family court, after discussing the several factors in *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996), found that Husband's ability to pay attorney fees far outweighed Wife's ability to "bear the brunt" of her attorney fees. The court found that both attorneys submitted reasonable and fair invoices and that Wife's attorney fees were $26,014.13. The court ordered Husband to pay $20,000 to Wife's

3

attorney for her attorney fees. The court noted that the outcome of the motions for reconsideration resulted in a more favorable result for Wife, but that the primary basis for that was Husband's "lack of candor and truthfulness regarding his ability to engage in sustained work activity." It is from this order that Husband now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband first argues that the family court abused its discretion by increasing his spousal support obligation based on Wife's reconsideration motion because there was no fraud or misrepresentation present to warrant the reconsideration.[2] Husband asserts that although the Final Divorce Order found that he could no longer perform his previous work due to his health issues, the order acknowledged that Husband retained the ability to work; hence, the court's findings of misrepresentation or fraud were clearly erroneous. We disagree.

This Court recently stated the following:

---

[2] Motions for reconsideration are governed by West Virginia Code § 51-2A-10 (2001), which states as follows:

> Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

4

[A]ppellate courts have generally recognized that a lower court's interpretation of its own order is entitled to some degree of deferential treatment on appeal. *See Zuspan v. Zuspan*, No. 22-ICA-155, 2023 WL 3172020, *2 (W. Va. Ct. App. May 1, 2023) (memorandum decision) (collecting cases). Moreover, this Court cannot set aside a family court's factual findings "unless they are clearly erroneous." *James W. v. Ciara R.*, No. 23-ICA-237, -238, -239, 2024 WL 1740353, at *6 (W. Va. Ct. App. Apr. 22, 2024) (memorandum decision). A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). Finally, a family court is entitled to deference to the extent it relies on determinations it made of the parties' credibility. *See Thomas E. v. Amy F.*, No. 13-0176, 2013 WL 5708438, at *2 (W. Va. Oct. 21, 2013) (memorandum decision).

*Minor v. Ford*, No. 24-ICA-245, 2025 WL 658325, at *3 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision). Importantly, "[a]n appellate court may not decide the credibility of the witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

Here, the Final Divorce Order found that Husband had retired from a physically demanding job due to health issues, where he earned more than $100,000 per year, and that Husband had zero income at the time of the divorce. In the reconsideration order, the family court found that Husband's health had "miraculously improved" and that he was making approximately $200,000 per year "performing the same or similar work he had during his marriage." The court found that Husband's prior testimony was wholly incredible, "lack[ed] candor and truthfulness" regarding his health and earning capacity, was an attempt to "dupe" the court, "smack[ed] with fraud," and at the very least, constituted a misrepresentation to the court to "avoid spousal support payments" to Wife.

While Husband disagrees with the findings made by the family court, particularly the findings of fraud and misrepresentation, and essentially asks this Court to review the evidence and reach a more favorable outcome, we decline to do so. As previously stated, we cannot reweigh the evidence, particularly when witness credibility plays a significant role in the court's determination. Thus, upon our review of the record, we find no error or abuse of discretion and conclude that the family court's findings and analysis of Husband's misrepresentations in the family court's ruling justified its reconsideration of the December 1, 2023, Final Divorce Order.

Next, Husband argues that the family court abused its discretion by awarding attorney fees. Husband asserts that the order lacked legal analysis and failed to explain why attorney fees were appropriate after hearing the reconsideration motions. We disagree.

West Virginia Code §§ 48-1-305(a)-(b) (2001) states, in part, "[c]osts may be awarded to either party as justice requires . . . ." and "[t]he court may compel either party to pay attorney's fees and court costs reasonably necessary to enable the other party to prosecute or defend the action." Further, the SCAWV has held the following:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4, *Banker v. Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996).

Here, the family court conducted a thorough analysis of the *Banker* factors and determined that Wife should be awarded attorney fees.[3] Because the family court appropriately weighed the *Banker* factors, we cannot find that the court abused its discretion, as the record below supports the court's findings. Specifically, the court found the following: Husband's ability to pay far outweighed Wife's ability to pay her attorney fees; the parties were divorced for irreconcilable differences; the majority of the litigation involved an equitable distribution of the parties' assets; Husband engages in gainful employment, making more than $16,000 per month and continues to enjoy a comfortable lifestyle; Wife's only source of income is her Social Security benefit of $455 per month; Wife qualifies for SNAP benefits; the outcome after the reconsideration motions has resulted in a more favorable outcome for Wife; and the attorney fees submitted were fair and reasonable. Therefore, we find no error or abuse of discretion in the family court's award of attorney fees.

---

[3] Husband argues that the family court's primary basis for awarding attorney fees was his lack of candor and truthfulness. Upon review, this finding was regarding factor two of *Banker*, the beneficial results obtained by the attorney requesting the fee. The court found that although the outcome of the motions for reconsideration resulted in a more favorable result for Wife, this was due to Husband's lack of candor and truthfulness, and did "not reflect in any way of [Husband's attorney's] representation of his client" because both attorneys "admirably and effectively represented their clients[.]"

Accordingly, we affirm the Family Court of Webster County's August 29, 2024, order.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White